UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID BRITTELL,

       Plaintiff,                      Case No. 2:25-cv-638-JLB-KCD

   v.

CBRE, INC. and FIFTH THIRD
BANK NATIONAL ASSOCIATION,

       Defendants.
_____/

## **ORDER**

After Plaintiff David Brittell tripped and fell in the parking lot of a Fifth Third Bank, injuring his face and knee, he filed a negligence case in state court against the bank and its property manager, CBRE, Inc. Invoking diversity jurisdiction, Defendants timely removed the case here. (Doc. 1).[1] Brittell now moves to remand the case back to state court, arguing that Defendants have not provided sufficient evidence that the amount in controversy exceeds the $75,000 needed for diversity jurisdiction. (Doc. 17.) The Court agrees and remands the case.

A case filed in state court may be removed here if it could have been brought in federal court. 28 U.S.C. § 1441(a). Pertinent here, federal courts

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

"have original jurisdiction over . . . civil actions where [there is] diversity." *Stoni Med. Staffing v. Ally Fin.*, No. 4:23-CV-3, 2023 WL 11841026, at *2 (S.D. Ga. Sept. 26, 2023). Diversity jurisdiction is triggered when the parties are citizens of different states and the amount in controversy exceeds $75,000. *Hambrick v. Wal-Mart Stores E., LP*, No. 4:14-CV-66 CDL, 2014 WL 1921341, at *1 (M.D. Ga. May 14, 2014).

Only the amount in controversy is at issue. The amended complaint alleges that Brittell is seeking damages "in excess of" $50,000. (Doc. 7 at ¶ 1.) When a complaint does not allege a specific amount of damages, as here, "the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). This requires "facts supporting jurisdiction," not merely allegations. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).

The removing party must provide evidence that is "sufficient to incline a fair and impartial mind to one side of the issue rather than the other." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007). But the court must not consider unspecified damages that are too speculative. *See Mustafa v. Mkt. St. Mortg. Corp.*, 840 F. Supp. 2d 1287, 1291 (M.D. Ala. 2012). If the removing defendant fails to satisfy its burden, then the "proper course of action

2

is to remand the case[.]" *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Removal raises significant federalism concerns, so any doubt as to jurisdiction should be resolved in favor of remand. *See Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

In state court, Defendants propounded discovery and took Brittell's deposition. Defendants argue that several pieces of evidence combine to satisfy the jurisdictional threshold for damages. Namely, the amended complaint's allegations, the medical bills, Brittell's failure to admit that the amount in controversy is less than $75,000, and his deposition testimony. (Doc. 18 at 8-9.)

The amended complaint is sparse on specifics and itemizes no damages. It merely alleges that Brittell's injuries have caused "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition." (Doc. 7 at 3, 5.) Such generalized claims do not establish that the amount is likely to exceed $75,000. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006). So the pleadings don't help much. And the fact that Brittell will not stipulate his damages fall below $75,000 deserves some weight, but it's not dispositive. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1230 (11th Cir. 2001); *Alshakanbeh*

3

*v. Food Lion, LLC*, No. 3:06-cv-1094-J-12HTS, 2007 WL 917354, at *2 (M.D. Fla. Mar. 23, 2007).

As for the deposition testimony, Brittell claims he is seeking compensation for medical bills totaling $35,806.66 (Doc. 1-8 at 4), plus pain, suffering, and emotional distress. The medical bills are uncontested. So this dispute boils down to whether Defendants have proven that Brittell's non-economic damages surpass $40,000.

Brittell testified that his injuries affect his daily life (Doc. 1-6), but the Court has no evidence that helps quantify how much these damages could be worth. And the Court can't simply guess as to what that figure might be. *See Johnson-Lang v. Fam. Dollar Stores of Fla., LLC*, No. 8:21-CV-902-VMC-CPT, 2021 WL 1625167, at *2 (M.D. Fla. Apr. 27, 2021) (remanding case when defendant "[did] not provide sufficient detail about [the plaintiff]'s pain and suffering or the other unspecified damages she has allegedly experienced"); *see also Reyes v. Stockhill*, 568 F. Supp. 3d 1288, 1292 (M.D. Fla. 2021) ("Courts will not speculate as to the value of damages for pain and suffering.").

At bottom, Brittell's testimony consists of bare assertions. Coupled with Defendants' failure to submit treatment records or any other evidence about the severity of his alleged injuries, the Court has little more than speculation about the amount in controversy. *See, e.g.*, *Lima v. Litfin*, No. 8:21-CV-1722-VMC-TGW, 2021 WL 3185966, at *2 (M.D. Fla. July 28, 2021).

Similarly, Defendants' argument that Brittell's damages are continuing is not enough to push the case beyond $75,000. While Brittell testified that future medical care is necessary, he has been released from treatment and was told he doesn't need physical therapy. (Doc. 1-6 at 66, 70, 72.) In any event, because jurisdiction must exist at the time of removal, the speculative possibility of future medical care or other continuing damages is not determinative. *Sinclair v. State Farm Mut. Auto. Ins. Co.*, No. 2:11-CV-320-FTM-29, 2011 WL 2746823, at *2 (M.D. Fla. July 14, 2011) ("The argument that the expenses will include future medical expenses, past wage loss, future wage loss, and pain and suffering is also irrelevant to the inquiry of whether the amount in controversy was adequate at the time of removal.").

Resolving all uncertainties in favor of remand, as the Court must, Defendants have not met their burden of proving the requisite amount in controversy. *See Candelario v. USAA Cas. Ins. Co.*, No. 6:20-CV-2373-JA-LRH, 2021 WL 406262, at *2 (M.D. Fla. Feb. 5, 2021). Because Defendants have only shown concrete damages of approximately $36,000 in medical bills, while speculating that noneconomic damages will do the rest, the case must be remanded.

Accordingly, it is **ORDERED**:[2]

1. Plaintiff's Motion to Remand (Doc. 17) is **GRANTED**.

2. If no objections are filed within 14 days of this order, which is the time allotted under Fed. R. Civ. P. 72, the Clerk is directed to remand this case to state court by transmitting a certified copy of this Order to the clerk for the Twentieth Judicial Circuit in and for Lee County, Florida. The state-court case was previously captioned 2024-CA-5758.

3. Following remand, the Clerk shall terminate any pending motions, terminate all deadlines, and close the case.

4. If objections are timely filed, the Clerk is directed to hold disposition until ordered by the District Judge.

**ENTERED** in Fort Myers, Florida on August 29, 2025.

Kyle C. Dudek
United States Magistrate Judge

---

[2] Because a motion to remand does not address the merits of the case but merely changes the forum, it is a non-dispositive matter appropriately handled by order. *See Vazquez v. Lowe's Home Centers, LLC*, No. 2:24-CV-351-JLB-NPM, 2024 WL 3026386, at *2 n.2 (M.D. Fla. June 17, 2024); *Franklin v. City of Homewood*, No. CIV.A. 07-TMP-006-S, 2007 WL 1804411, at *3 (N.D. Ala. June 21, 2007).